UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

JESUS SANCHEZ,

                    Defendant.
------------------------------------------------------------x

03 Cr. 965 (SHS)

OPINION AND ORDER

SIDNEY H. STEIN, U.S. District Judge.

Jesus Sanchez files this *pro se* petition for a writ of error coram nobis or, alternatively, a writ of audita querela, seeking to vacate, set aside, or correct his sentence.

## I. BACKGROUND

On April 2, 2004, Sanchez pled guilty to (1) conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846, (2) possession with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A), and (3) possession with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(B). His plea agreement stipulated that the applicable United States Sentencing Guidelines range was 210 to 262 months' imprisonment and that he would not appeal or collaterally attack any sentence within or below that range. (Plea Tr. dated April 2, 2004 ("Plea Tr.") at 32-33.) The Court specifically questioned Sanchez and ascertained that he understood the extent of the waiver of his appeal rights. (Plea Tr. at 33, 44; *see also* Sentencing Tr. dated Oct. 6, 2004 ("Sentencing Tr.") at 14.)

On October 6, 2004, this Court sentenced Sanchez to 210 months' imprisonment—the bottom of the stipulated Guidelines range—on each count to run concurrently, followed by a period of five years' supervised release on each count to run concurrently. (Sentencing Tr. at 11-

1

12.) This Guidelines sentence included a four-level enhancement pursuant to Guidelines § 3B1.1 for Sanchez's role as an organizer or leader of criminal activity that involved five or more participants. (Presentence Report as amended July 13, 2004 ("PSR"), at 3 (adopted by this Court at sentencing (Sentencing Tr. at 2, 11)).)

On May 13, 2005, Sanchez filed a petition pursuant to 28 U.S.C. § 2255 seeking resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), but he withdrew that petition prior to any response by the government. (*See* Dkt. No. 131.) Sanchez then filed this petition for a writ of error coram nobis or audita querela approximately four years later, on November 9, 2009. Sanchez argues that the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), prohibited the court's imposition of the four-level section 3B1.1 enhancement for being an organizer or leader, and his counsel's failure to make this argument constituted ineffective assistance of counsel.

## II. DISCUSSION

The ancient writ of error coram nobis is an extraordinary remedy which invokes the district court's "power to vacate its judgment of conviction and sentence after the expiration of the full term of service." *United States v. Morgan*, 346 U.S. 502, 503 (1954); *see United States v. Qiao*, Nos. 07 Civ. 3727, 98 Cr. 1484, 2007 WL 4105813 (S.D.N.Y. Nov. 15, 2007); *United States v. Plumer*, 27 F. Cas. 561, 573 (Clifford, Circuit Justice, C.C. D. Mass. 1859) (No. 16,056). Authorized by the All Writs Act, 28 U.S.C. § 1651(a), the writ of coram nobis is "generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005) (quoting *Morgan*, 346 U.S. at 511). Federal courts may grant coram nobis relief to petitioners no longer in custody who "demonstrate that (1) there are

2

circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (internal quotation marks omitted). Relief "is strictly limited to those cases in which 'errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid.'" *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks omitted).

Coram nobis relief is simply not warranted here. Most importantly, because Sanchez is still in custody, the writ is unavailable to him. *See Porcelli*, 404 F.3d at 158; *Fleming*, 146 F.3d at 90.

The rarely invoked writ of audita querela may be "available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995) (citing *United States v. Holder*, 936 F.2d 1 (1st Cir. 1991)). Audita querela cannot be used to circumvent the timely filing of a section 2255 petition. *See Townsend v. United States*, 38 F. Supp. 2d 424 (D. M.D. 1999) (citing *United States v. LaPorta*, 20 F. Supp. 2d. 530, 533 (W.D.N.Y. 1998)). In this case, there is no indication that Sanchez could not have sought redress pursuant to section 2255 within the permissible time period. The one-year period of limitation for such relief has now long passed. *See* 28 U.S.C. § 2255(f).

Moreover, Sanchez waived his right to collaterally attack his sentence if the sentence fell within the stipulated Guidelines range of 210 to 262 months' imprisonment, which it did. After questioning, this Court found that Sanchez's waiver was knowing and voluntary. (Plea Tr. at 33,

3

44.) Such waivers are routinely upheld. *See United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000) (collecting cases); *see also United States v. Monzon*, 359 F.3d 110, 118 (2d Cir. 2004) ("[W]e reject the notion that an appeal waiver becomes unenforceable simply because a defendant 'claims' . . . ineffective assistance of counsel.").

In any event, Sanchez's sentence does not violate the Supreme Court's ruling in *Blakely* for a number of reasons. The Supreme Court decided *Blakely* between the time of petitioner's plea and sentence. That decision prohibited sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant," 542 U.S. at 303, but did not address the Guidelines, 542 U.S. at 305 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."). Only after Sanchez was sentenced did the Supreme Court hold in *Booker* that the Guidelines' system of enhancements violated the Sixth Amendment as construed in *Blakely*. *Booker*, 543 U.S. at 226. *Booker*, however, does not apply retroactively on collateral review. *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005). Furthermore, Sanchez's sentence does not implicate the constitutional rights addressed in *Blakely* and *Booker* because his sentence fell within—indeed, at the bottom of—the Guidelines range that was based solely on a set of facts he admitted in his plea agreement, (Plea Tr. at 32-33; PSR at 3). *See United States v. Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004) (no *Blakely* violation where defendant had stipulated in plea agreement, though not explicitly in plea colloquy, to facts underpinning sentence); *see also United States v. Holguin*, 436 F.3d 111, 119 (2d Cir. 2006) ("Where a fact does not expose a defendant to an increased maximum, the Sixth Amendment does not require that fact to be found by a jury beyond a reasonable doubt."); *Muniz v. United States*, 360 F. Supp. 2d 574, 580-81 (S.D.N.Y. 2005)

(denying ineffective assistance of counsel claim based on failure to object to sentencing enhancements in light of recent Supreme Court decisions regarding Sixth Amendment).

**CONCLUSION**

Because (1) neither the writ of error coram nobis nor audita querela is available to Sanchez, (2) even if construed as a section 2255 petition, any such petition would be time barred, and (3) Sanchez validly waived his right to collaterally attack his sentence, his petition is denied.

Dated: New York, New York
December 22, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.